`

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | DEFENDANT CHARLES EDWARD |
| | ) | LEGON JR.'S MOTION FOR DISMISSAL |
| Plaintiff, | ) | OF COUNTS 6 AND 8 AS BASED ON |
| vs. | ) | STATUTES THAT ARE |
| | ) | UNCONSTITUTIONAL AS APPLIED |
| Charles Edward Legon Jr., | ) | |
| | ) | Crim. No. 22-332 (JNE/ECW) |
| Defendant. | ) | |

Defendant Charles Edward Legon Jr., through his counsel, Daniel L. Gerdts, Esq., respectfully moves the Court for an Order dismissing the Counts 6 and 8 of the indictment on the basis that the charging statutes, 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), and 18 U. S. C. § 924(c) (possessing a firearm in furtherance of a drug trafficking crime) are unconstitutional as applied to Defendant Legon in violation of the Second Amendment.

The Second Amendment protects the right to possess and carry firearms: "the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. AMEND. II. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment "confer[s] an individual right to keep and bear arms." *Id.* at 595. In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Court reaffirmed that holding and clarified that the *only* manner in which laws

may constitutionally restrict the exercise of that right is if they are shown to be "consistent with this Nation's historical tradition of firearm regulation." *Id*. at 17. The Court recently reaffirmed its holding in *United States v. Rahimi*, 602 U.S. ___, 144 S. Ct. 1889 (2024).

> The law at issue in this case makes it
>
> > unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). The circumstances of the crimes alleged to have been committed by Mr. Legon amounted to mere possession of a firearm for person protection – the quintessential conduct protected by the Second Amendment.

Undersigned counsel concedes that under current Eighth Circuit law, the relief here requested is foreclosed by this circuit's recent decision in *United States v. Jackson*, 110 F.4th 1120 (8th Cir. Aug. 8, 2024) (*Jackson II*) that was issued less than a week after it had been formally vacated and remanded by the Supreme Court. The panel opinion in *Jackson II* noted that neither *Bruen* nor *Rahimi* had cast doubt on the safe harbor statement in *Heller* regarding "presumptively constitutional" firearms prohibitions.

2

*Id.* at 1125. It also repeated what *Rahimi* had *not* decided: "The Court in *Rahimi* did 'not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse.'" *Id.* at 1129.[1]

Notwithstanding that *Jackson II* is currently binding circuit precedent, Mr. Legon seeks to preserve the issue because the law regarding this issue is currently undecided in the country, and will not be decided until the Supreme Court takes up the question directly. The Eighth Circuit just earlier this week denied a petition for rehearing en

---

[1] Nor, of course, did *Rahimi* endorse such a prohibition. The matter simply was not under consideration. As Justice Gorsuch was quick to emphasize:

> So, for example, we do not decide today whether the government may disarm a person without a judicial finding that he poses a "credible threat" to another's physical safety. § 922(g)(8)(C)(i); see *ante*, at 1898. We do not resolve whether the government may disarm an individual permanently. See *ante*, at 1902 (stressing that, "like surety bonds of limited duration, Section 922(g)(8)'s restriction was temporary as applied to [Mr.] Rahimi"). . . . Nor do we purport to approve in advance other laws denying firearms on a categorical basis to any group of persons a legislature happens to deem, as the government puts it, "not 'responsible.'"

*Rahimi*, at 1909–10 (Gorsuch, J., concurring).

banc in the *Jackson II* case, but a petition for certiorari will be filed.[2]  The law on this issue also is in chaos across the country.

Commentators have observed the chaos and the need for reasoned uniformity in the interpretation of § 922(g)(1): "Numerous courts at both the state and federal level have attempted applying the *Bruen* test to wildly different results since the decision was handed down. In fact, several courts have purported to apply the same test and yet reached diametrically opposed conclusions." Chad Nowlan, *Aiming for Answers: Balancing Rights, Safety, and Justice in a Post-Bruen America*, 108 MINNESOTA LAW REVIEW 2797, 2802-03 (2024); *see also* Rannon P. Denning And Glenn H. Reynolds, *Trouble's Bruen: The Lower Courts Respond*, 108 MINNESOTA LAW REVIEW 3187, 3188-89 (2024) ("*New York State Rifle & Pistol Ass'n v. Bruen* revolutionized the understanding of how Second Amendment cases are to be adjudicated. . . . *Bruen* took a wrecking ball to nearly fifteen years of lower court Second Amendment jurisprudence . . . [and] the courts' approaches have been eclectic to say the least").

Both the Third and the Ninth Circuits are presently considering the same question decided in the *Jackson II* panel opinion (and both *en banc*).

---

[2] Undersigned counsel represents Mr. Jackson.

Both had *previously* found the law unconstitutional as applied, concluding

that there was no analogous historical tradition of disarmament for at least

some defendants. *See Range v. Att'y Gen.*, 69 F.4th 96, 106 (3d Cir. 2023)

(en banc), *cert. granted, judgment vacated*, ___ U.S. ___, 2024 WL 3259661

(July 2, 2024); *United States v. Duarte*, 101 F.4th 657 (9th Cir.), *reh'g en*

*banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. 2024). The Tenth

Circuit, in contrast, had upheld the continued constitutionality of Section

922(g)(1) under pre-*Bruen* precedent without reaching the historical

question analysis, but its decision also was "GVR'd" by the Supreme Court.

*Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), *cert. granted,*

*judgment vacated*, ___ U.S. ___,  2024 WL 3259668 (July 2, 2024). *Range*

was another of the GVR'd petitions. The *en banc* court in the Third Circuit

is therefore presently reconsidering *Range*. Meanwhile, the Ninth Circuit

also granted *en banc* review of the *Duarte* panel opinion.

   And a recent panel of the Sixth Circuit Court of Appeals in the matter

of *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), directly conflicts

with the Eighth Circuits' opinion in *Jackson II*, once again creating a

circuit split of authority that is likely to grow wider as the other courts of

appeal step into the fray. In contrast to Eighth Circuit's conclusion "that

there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)," *Jackson II*, at 1125, the *Williams* Court found that "legislatures may disarm groups of people, like felons, whom the legislature believes to be dangerous – so long as each member of that disarmed group has an opportunity to make an individualized showing that he himself is not actually dangerous." *Williams*, 113 F.4th at 663. It then directed district courts to undertake the "felony-by-felony litigation" expressly rejected by *Jackson II*: "district courts should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." *Id.*

The decision in *Jackson II* also appears to conflict with the Eight Circuit panel opinion in *Worth v. Jacobson*, 108 F.4th 677 (8th Cir. 2024), that had been issued shortly before *Jackson II*.

For all of these reasons, Defendant Legon seeks to preserve the issue even if the relief requested is foreclosed to him at the moment of this writing. Undersigned counsel has conferred with opposing counsel prior to filing this motion.

Dated: 8 November 2024          Respectfully submitted,

DANIEL L. GERDTS, LAWYER

*/s Daniel L. Gerdts*

_____
Daniel L. Gerdts (#207329)
331 Second Avenue South, Suite 705
Minneapolis, Minnesota 55401
612.800.5086